IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIODELIVERY SCIENCES INTERNATIONAL, INC. AND ARIUS TWO, INC.<br><br>Plaintiffs,<br><br>v.<br><br>ASCENT PHARMACEUTICALS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. _____<br>)<br>)   **ANDA CASE**<br>)<br>) |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiffs BioDelivery Sciences International, Incorporated ("BDSI") and Arius Two, Incorporated ("Arius") file this Complaint for patent infringement against Defendant Ascent Pharmaceuticals, Inc. ("Defendant") under 35 U.S.C. §§ 271(e)(2), (b), and (c). This patent action concerns the pharmaceutical drug product BELBUCA®. Plaintiffs BDSI and Arius (collectively, "Plaintiffs") hereby state as follows:

## NATURE OF THE ACTION

2.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., and in particular under 35 U.S.C. § 271.

3.      This action arises from Defendant's submission of ANDA No. 221374 to the FDA seeking approval to market a generic version of BELBUCA. Defendant submitted a Paragraph IV certification with respect to the patent asserted herein, and Plaintiffs bring this action pursuant to 35 U.S.C. §§ 271(e)(2), (b), and (c).

## PARTIES

4.      BDSI is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 100 Technology Center Drive, Suite 300, Stoughton, Massachusetts 02072, and previously located at 4131 Parklake Ave., Suite 225,

Raleigh, North Carolina 27612. BDSI is a specialty pharmaceutical company engaged in the research, development, sale, and marketing of prescription pharmaceuticals.

5.      BDSI is also the holder of New Drug Application ("NDA") No. 207932 for BELBUCA, and is the distributor of BELBUCA in the United States.

6.      Arius is a corporation organized and existing under the laws of the State of Delaware. Arius is a wholly owned subsidiary of Plaintiff BDSI.

7.      On information and belief, Defendant is a corporation organized and existing under the laws of New York, having its principal place of business at 400 South Technology Drive, Central Islip, New York 11722.

## JURISDICTION AND VENUE

8.      This patent infringement action arises under the United States Patent Laws, Title 35 U.S.C. § 100 et seq., including 35 U.S.C. § 271. This Court thus has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9.      On information and belief, this Court has personal jurisdiction over Defendant, as Defendant regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and/or derives substantial revenue from services or things used or consumed in Delaware, demonstrating that Defendant has continuous and systematic contacts with Delaware.

10.     Defendant is further amenable to litigating in this forum based on its conduct in numerous other litigations in this District.

11.     Defendant has submitted to this Court's jurisdiction by consenting to personal jurisdiction and asserting counterclaims in other civil actions initiated in this jurisdiction. *See, e.g.*, *Purdue Pharma L.P. et al. v. Ascent Pharms., Inc.*, C.A. No. 18-83 (D. Del., filed Jan. 11, 2018); *Purdue Pharma L.P. et al. v. Ascent Pharms., Inc.*, C.A. No. 18-855 (D. Del., filed June

7, 2018); *Anacor Pharms., Inc. v. Ascent Pharms., Inc. et al.*, C.A. No. 18-1673 (D. Del., filed Oct. 25, 2018); *Vifor Pharma, Inc. et al. v. Alkem Labs. Ltd. et al.*, C.A. No. 20-106 (D. Del., filed Jan. 23, 2020); *ZS Pharma, Inc. et al. v. Ascent Pharms., Inc. et al.*, C.A. No. 22-1099 (D. Del., filed Aug. 22, 2022); *Astellas Pharma Inc. et al. v. Ascent Pharms., Inc.*, C.A. No. 23-486 (D. Del., filed May 3, 2023); *Astellas Pharma Inc. et al. v. Ascent Pharms., Inc. et al.*, C.A. No. 24-1084 (D. Del., filed Sept. 27, 2024).

12.     Defendant, on July 8, 2026, agreed that it would not contest personal jurisdiction in Delaware for the purposes of this case.

13.     This Court thus has personal jurisdiction over Defendant by virtue of, among other things: (1) its sale and distribution of generic drugs in Delaware; (2) its course of conduct that is designed to cause the performance of the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs, which are Delaware corporations; (3) its purposeful availment of this forum previously for the purpose of litigating a patent dispute; (4) its prior admissions that it is subject to the Court's jurisdiction in other patent litigations; and (5) its current agreement that it will not contest personal jurisdiction in this Court for this case.

14.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

15.     Defendant further agreed, on July 8, 2026, that it would not contest venue for this case.

16.     Thus, venue is proper in this Court.

## PATENT-IN-SUIT

17.     The '539 patent, titled "Transmucosal Drug Delivery Devices for Use in Chronic Pain Relief," was duly and legally issued to inventors Andrew Finn and Niraj Vasisht by the United States Patent and Trademark Office ("PTO") on February 27, 2018.

18.    The '539 patent is currently assigned to Plaintiff BDSI and expires on December 21, 2032.

19.    A true and correct copy of the '539 patent is attached as Exhibit A.

## COUNT I FOR PATENT INFRINGEMENT
### (Infringement of U.S. Patent No. 9,901,539 under 35 U.S.C. § 271(e)(2))

20.    Plaintiffs reallege and incorporate by reference paragraphs 1–19.

21.    NDA No. 207932 is directed to the use of BELBUCA in the treatment of pain by transmucosal delivery of buprenorphine. The FDA approved NDA No. 207932 on October 23, 2015.

22.    The '539 patent is listed in the Orange Book for NDA No. 207932.

23.    On information and belief, Defendant filed, or caused to be filed, ANDA No. 221374 with the FDA under 21 U.S.C. § 355(j), seeking to obtain approval for the commercial manufacture, use, and sale of buprenorphine buccal film, 75 mcg, 150 mcg, 300 mcg, 450 mcg, 600 mcg, 750 mcg, and 900 mcg ("ANDA products") in the United States before the expiration of the '539 patent.

24.    ANDA No. 221374 contains a Paragraph IV certification alleging that the claims of the '539 patent are invalid, unenforceable, or not infringed.

25.    Defendant sent, or caused to be sent to Plaintiffs, a letter dated June 2, 2026 ("the Notice Letter") notifying Plaintiffs that Defendant had submitted ANDA No. 221374 and providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii).

26.    The Notice Letter alleges invalidity of claims 1–22 of the '539 patent. The Notice Letter does not contest infringement of claims 1–22 of the '539 patent.

27.    Plaintiffs have filed this complaint within 45 days of receiving the Notice Letter.

28.      Under 35 U.S.C. § 271(e)(2)(A), Defendant infringed one or more claims of the '539 patent, including, but not limited to, independent claims 1 and 9, by submitting to the FDA ANDA No. 221374 that seeks approval to commercially market—before the expiration date of the '539 patent—Defendant's ANDA products. Defendant's Notice Letter does not dispute infringement of the '539 patent.

29.      The use of Defendant's ANDA products would directly infringe, literally or through the doctrine of equivalents, one or more claims of the '539 patent, including, but not limited to, independent claims 1 and 9, and the manufacture, use, offer for sale, or sale of which would contribute to or induce the direct infringement of one or more claims of the '539 patent by prescribers and/or users of Defendant's ANDA products.

30.      On information and belief, Defendant has knowledge of the '539 patent and has filed ANDA No. 221374 seeking authorization to commercially manufacture, use, offer for sale, and sell Defendant's ANDA products in the United States. On information and belief, if the FDA approves ANDA No. 221374, physicians, healthcare providers, and/or patients will prescribe and/or use Defendant's ANDA products in accordance with the instructions and/or label provided by Defendant and will directly infringe one or more claims of the '539 patent.

31.      On information and belief, Defendant knows and intends that physicians, health care providers, and/or patients will prescribe and/or use Defendant's ANDA products in accordance with the instructions and/or label provided by Defendant, and will therefore induce infringement of one or more of the claims of the '539 patent with the requisite intent.

32.      On information and belief, if the FDA approves ANDA No. 221374, Defendant will sell or offer to sell its ANDA products specifically labeled for use in practicing one or more of the method claims of the '539 patent, including, but not limited to, independent claims 1 and

9, wherein Defendant's ANDA products are a material part of the method claimed, wherein Defendant knows that physicians will prescribe and patients will use Defendant's ANDA products in practicing one or more of the methods claimed in the '539 patent, and wherein Defendant's ANDA products are not a staple article or commodity of commerce suitable for substantial non-infringing use. Defendant will thus contribute to the infringement of the '539 patent.

33.    Plaintiffs will be substantially and irreparably harmed by Defendant's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

34.    Plaintiffs are entitled to the remedies afforded by 35 U.S.C. § 271(e)(4), including an order that the effective date of any approval of Defendant's ANDA be a date no earlier than the expiration date of the '539 patent, including any applicable extensions.

35.    Defendant's statements of the factual and legal bases for its opinion regarding the validity of the '539 patent contained in the Notice Letter are devoid of any objective, good-faith basis in either the facts or the law.

36.    Defendant has acted without a reasonable basis for believing that it would not be liable for infringing the '539 patent, actively inducing infringement of the '539 patent, and/or contributing to the infringement by others of the '539 patent. This case is therefore "exceptional," as that term is used in 35 U.S.C. § 285.

### COUNT II FOR DECLARATORY JUDGMENT
**(Declaratory Judgment of Patent Infringement of the '539 Patent under 35 U.S.C. §§ 271(b) and/or (c))**

37.    Plaintiffs reallege and incorporate by reference paragraphs 1–36.

38.    This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 et seq., including 35 U.S.C. § 271(b)-(c), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

39.    The manufacture, sale, offer for sale, and/or importation of Defendant's ANDA products, if approved by the FDA, will induce and contribute to the infringement of one or more claims of the '539 patent, including, but not limited to, independent claims 1 and 9, under 35 U.S.C. § 271(b) and/or (c), in violation of Plaintiffs' patent rights.

40.    On information and belief, Defendant has knowledge of the '539 patent and has filed ANDA No. 221374 seeking authorization to commercially manufacture, use, offer for sale, and sell Defendant's ANDA products in the United States. On information and belief, if the FDA approves ANDA No. 221374, physicians, health care providers, and/or patients will prescribe and/or use Defendant's ANDA products in accordance with the instructions and/or label provided by Defendant and will directly infringe one or more claims of the '539 patent.

41.    On information and belief, Defendant knows and intends that physicians, health care providers, and/or patients will prescribe and/or use Defendant's ANDA products in accordance with the instructions and/or label provided by Defendant and will, therefore, induce infringement of one or more of the claims of the '539 patent with the requisite intent under 35 U.S.C. § 271(b).

42.    On information and belief, if the FDA approves ANDA No. 221374, Defendant will sell or offer to sell its ANDA products specifically labeled for use in practicing one or more of the method claims of the '539 patent, including but not limited to independent claims 1 and 9, wherein Defendant's ANDA products are a material part of the method claimed in the '539 patent, wherein Defendant knows that physicians will prescribe and patients will use Defendant's

ANDA products for one or more of the methods claimed in the '539 patent, and wherein Defendant's ANDA products are not a staple article or commodity of commerce suitable for substantial noninfringing use. Defendant will thus contribute to the infringement of the '539 patent under 35 U.S.C. § 271(c).

43.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Defendant as to liability for the infringement of the '539 patent claims. Defendant's actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from Ascent's threatened, imminent actions.

44.    Defendant acted without a reasonable basis for believing that it would not be liable for infringing the '539 patent, actively inducing infringement of the '539 patent, and/or contributing to the infringement by others of the '539 patent. This case is therefore "exceptional," as that term is used in 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor as follows:

a)    declare that United States Patent No. 9,901,539 is not invalid;

b)    declare that, under 35 U.S.C. § 271(e)(2)(A), Defendant infringed United States Patent No. 9,901,539 by submitting ANDA No. 221374 to the FDA to obtain approval to commercially manufacture, use, offer for sale, sell, or import into the United States Defendant's ANDA products prior to the expiration of said patent;

c)    declare that Defendant's manufacture, use, sale, offer for sale, or importation into the United States of Defendant's ANDA products prior to the expiration of United States Patent

No. 9,901,539 would constitute infringement of one or more claims of said patent under 35 U.S.C. §§ 271(b) and/or (c);

d)      order that the effective date of any FDA approval of Defendant's ANDA products shall be no earlier than the expiration date of United States Patent No. 9,901,539, including any exclusivities or extensions to which Plaintiffs are or become entitled, in accordance with 35 U.S.C. § 271(e)(4)(A);

e)      enjoin Defendant, and all persons acting in concert with Defendant, from seeking, obtaining, or maintaining final approval of ANDA No. 221374 until the expiration of United States Patent No. 9,901,539, including any exclusivities or extensions to which Plaintiffs are or become entitled pursuant to 35 U.S.C. § 283;

f)      enjoin Defendant, and all persons acting in concert with Defendant, from commercially manufacturing, using, offering for sale, or selling Defendant's ANDA products within the United States, or importing Defendant's ANDA products into the United States until the expiration of United States Patent No. 9,901,539, including any exclusivities or extensions to which Plaintiffs are or become entitled, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and/or 283;

g)      declare this to be an exceptional case and award Plaintiffs their costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4); and

h)      grant Plaintiffs such further and additional relief that this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Jeremy A. Tigan*

OF COUNSEL:

Jennifer S. Swan
HOGAN LOVELLS US LLP
855 Main Street, Suite 200
Redwood City, CA 94063
(650) 463-4000

Howard Levine
David Feigenbaum
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600

July 16, 2026

Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jtigan@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiffs*